EXHIBIT A – PART 2

of any mortgage, deed of trust, financing statement, or other security interest; or the making, delivery, filing, or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, shall not be subject to any stamp tax, real estate tax, conveyance, filing, or transfer fees, mortgage, recording, or other similar tax or other government assessment. All recording officers and other entities whose duties include recordation of documents lodged for recording shall record, file, and accept such documents delivered under the Plan without the imposition of any charge, fee, governmental assessment, or tax.

22. The Unsecured Creditors' Distribution Committee (together with the Unsecured Creditors' Representative) shall continue in existence until all distributions have been made from the Unsecured Creditors Reserve after which time, such parties or entities shall disband, except to the extent necessary to participate in or prosecute any appeals, Claim objections, Avoidance Causes of Action and Professional fee applications. All Committee fees and expenses from and after the date the Confirmation Order becomes final shall be attributable to and paid exclusively from the Unsecured Creditors Reserve.

23. Except with respect to the State of Louisiana and the State oil and gas leases to be transferred by the Debtors to East River on the Effective Date, in accordance with section 1141 of the Bankruptcy Code, (a) the Plan and each of its provisions, (b) the APA, (c) all documents executed in connection with and pursuant to the terms of the Plan and the APA, and (d) the Confirmation Order shall be binding upon the Debtors, upon each Person or entity acquiring or receiving property under the Plan, upon each lessor or lessee of property to or from the Debtors, upon each holder of a Claim against or Equity Interest in the Debtors, whether or not the Claim or Equity Interest of such Creditor or Equity Interest holder is impaired under the Plan and whether or

-11-

not such Creditor or Equity Interest holder has filed, or is deemed to have filed, a proof of Claim or Equity Interest, and upon each party to this Case, and irrespective of whether such provision of the Plan is specifically mentioned or otherwise referred to in this Order.

24.     Except for the State of Louisiana and the State oil and gas leases to be transferred by the Debtors to East River on the Effective Date or as otherwise specifically provided in the Plan, in accordance with section 1141 of the Bankruptcy Code, the treatment of the Claims afforded under the Plan shall be in exchange for and in complete satisfaction, discharge, release, and termination of, all Claims of any nature whatsoever against the Debtors or any of their assets; and, except as otherwise provided herein or in the Plan, or the instruments or other documents executed in connection with the Plan (and except with respect to obligations which the Debtors are required to perform under the Plan), the Debtors and each Exculpated Person shall be discharged and released pursuant to section 1141 (d)(1)(A) of the Bankruptcy Code from any and all debts of the kind specified in section 502(g), 502(h), or 502(i) of the Bankruptcy Code, whether or not (a) a proof of Claim based upon such debt is filed or deemed filed under section 501 of the Bankruptcy Code; (b) a Claim based upon such debt is allowed under section 502 of the Bankruptcy Code; or (c) the holder of a Claim based upon such debt has accepted the Plan. This Order shall be a judicial determination, effective upon the occurrence of the Effective Date, of discharge and termination of all liabilities of and all Claims against the Debtors and each Exculpated Person, except as expressly set forth, or provided for, in the Plan, the APA, the instruments, and other documents executed in connection with the Plan, the APA and this Order. Pursuant to this Order, every holder of any discharged debt or Claim is permanently enjoined and precluded from asserting against the Debtors, the Bank Group, East River or any other Exculpated Person, and their post-closing affiliates, or

against their assets or properties, any other or further Claim based upon any document, instrument or act, omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, except as expressly set forth, or provided for, in the Plan, the APA, the instruments, and other documents executed in connection with the Plan, the APA and/or this Order.

25. Notwithstanding anything to the contrary in the Plan, APA, Bankruptcy Code or this Order (i) subject to the approval of the Louisiana State Mineral Board pursuant to La. R. S. 30:128, the oil and gas leases granted by the State of Louisiana bearing State lease numbers 212, 1464, 1753, 2414, 2104, 2376, 10061, 10730, 10731 and 10732 (collectively the "State Leases") to one or more of the Debtors, will be assigned and transferred to East River; and (ii) the Plan will leave unaltered the legal, equitable and contractual rights of the Louisiana State Mineral Board arising from the State Leases. Further, the Stipulation among the Debtors, East River and the State of Louisiana Mineral Board is approved. That Stipulation provides as follows:

Notwithstanding anything in Article II of the Plan to the contrary, East River and the Debtors will meet with the appropriate representatives of the State Mineral Board or the Office of Mineral Resources in an attempt to amicably resolve the pre-petition and post-petition claims of the State Mineral Board within forty-five (45) days after entry of this Order. In the event that the Mineral Board's claims are not amicably resolved within the stated time, East River and the Debtors agree that any remaining disputes will be determined by appropriate actions or proceedings in a Louisiana State District Court. Without limiting the State Mineral Board's auditing and claims process, the State Mineral Board will file its administrative claim against the Debtors' estates for pre-petition and post-petition amounts due under the time frame provided by Article II of the Plan, but the claims for pre-petition and post-petition amounts due under the State Leases will be resolved in the manner

provided for in this Stipulation. Nothing in this Stipulation limits the liability of the Debtors' Estates for the payment of the pre-petition and post-petition claims filed by the State Mineral Board. The claims of the State Mineral Board are to be resolved on or before the Effective Date. In the event that these claims are not resolved out of the reserve created under the Plan for payment of oil and gas lease cure amounts, the amount claimed by the State Mineral Board for pre-petition and post-petition amounts will be segregated into a separate fund.

26. Pursuant to Section 1125(e) of the Bankruptcy Code, all Persons who have solicited acceptances or rejections of the Plan have acted in good faith and in compliance with the provisions of the Bankruptcy Code, and shall not be liable on account of such solicitation or participation for violation of any applicable law, rule, or regulation, governing the solicitation of acceptances or rejections of the Plan.

27. The automatic stay under section 362 of the Bankruptcy Code is terminated only to the extent necessary to permit the Debtor, the Bank Group and/or East River to enforce the terms of the Plan and the APA.

28. In accordance with Section 524 of the Bankruptcy Code, this Order:

a. voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of any of the Debtors or any Exculpated Person with respect to any debt or Claim discharged hereby; and

b. operates as a permanent injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt or Claim discharged hereby as a personal liability of any of the Debtors or any Exculpated Person.

29. Neither the Debtors, the Bank Group, the Committee or Unsecured Creditors' Representative, East River, nor any of their officers, directors, members, employees, advisors, consultants, attorneys, affiliates, or agents shall have or incur any liability to any Holder of a Claim

-14-

or Interest for any act or omission in connection with, or arising out of, the Bankruptcy Cases, the proposed confirmation or consummation of the Plan, or the administration of the Bankruptcy Cases or Plan or the property to be distributed under the Plan, except for willful misconduct or gross negligence, and in all respects shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

30. As set forth in the Plan, on and after the Effective Date all Claims and Interests against the Debtors or the Debtors' Assets shall be discharged. Moreover, as set forth in the Plan, all releases and limitations of liability are approved.

31. Except as provided in paragraph 24, this Order shall constitute a permanent injunction to effectuate the releases granted pursuant to the Plan. All persons, parties, entities, governments (including agencies) whatsoever and wheresoever are hereby permanently enjoined from and against taking any action inconsistent with or in contravention of any releases, including, without limitation, (a) commencing or continuing in any manner any suit, action, or other proceeding of any kind; (b) attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order; or (c) asserting any right of setoff, subrogation, or recoupment of any kind, to the extent any such action is inconsistent with or in contravention of the releases.

32. The Claims of Messrs. Stephen D. Layton and M. Michael Galesi are withdrawn and released. Nothing in this order or in the Plan shall constitute a waiver of or a bar to the Unsecured Creditors' Representative's right to object to any Unsecured Claim except for the Allowed Unsecured Claim of the Bank Group. Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of the Confirmation Order, the Plan, the APA, and all other instruments and

other documents executed and delivered pursuant to the Plan shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

33. As set forth in the Plan, subject to the provisions of and for the purposes of distributions in accordance with the Plan, all property of the Estates, except for Released Actions, including all causes of action, shall remain in the estates until the Effective Date, at which time it shall vest in either the Liquidating Trust or East River or their respective designees. Such property shall be free and clear of all Encumbrances, except as otherwise provided in the Plan and the APA. The Unsecured Creditors' Representative on behalf of the Liquidating Trust, shall be authorized to prosecute any non-Released Avoidance Action or any other cause of action assigned to the Unsecured Creditors' Representative after Confirmation, including, but not limited to any issues involving the Insurance Adversary, and is appointed for such purposes in accordance with section 1123(b)(3)(B) of the Bankruptcy Code. Any recoveries hereunder shall be added to the Unsecured Creditors Reserve.

34. The classification and treatment of all Claims and Interests under the Plan shall be in full settlement and satisfaction of any contractual, legal, and equitable subordination rights, whether arising under general principles of equitable subordination, section 510(c) of the Bankruptcy Code, or otherwise, that a Holder of a Claim or Interest may have against other Claim or Interest Holders with respect to any distribution made pursuant to the Plan, except that the foregoing shall not affect the rights of the Unsecured Creditors' Representative to object to Unsecured Claims.

35. As of the Effective Date, the adoption, execution, delivery, and implementation of the APA, Contracts, leases, documents, instruments, and other agreements related to or contemplated by the Plan, and the other matters provided for, under or in furtherance of the Plan and the APA

-16-

involving action to be taken by or required of the Debtors shall be deemed to have occurred and be effective as provided in the Plan and the APA, and are hereby authorized and approved in all respects without further order of this Court or any requirement of further action by stockholders or directors of the Debtors. All documents or instruments which must be executed and delivered by the Debtors under the Plan and the APA shall be deemed appropriately executed if signed by any of the President, Chief Executive Officer, Executive Vice President or any Vice President, of the Debtors.

36.     The Debtors, the Liquidating Trustee, the Unsecured Creditors' Representative and/or East River shall have the right, to the full extent permitted by section 1142 of the Bankruptcy Code, to apply to this Court for an order, notwithstanding any otherwise applicable nonbankruptcy law, directing any appropriate entity to execute and deliver an instrument or perform any other act necessary to implement the Plan, the APA, or the provisions of the Confirmation Order.

37.     Notwithstanding Confirmation of the Plan or the occurrence of the Effective Date, this Court retains jurisdiction as is provided in Article IX, Section 15.01 of the Plan. Without limitation on the provisions therein, this Court reserves jurisdiction to implement and enforce the Plan and the APA, as well as East River's peaceful use and enjoyment of the Assets of the Debtors after the Effective Date, free and clear of all liens, Claims and Encumbrances to the fullest extent permitted under the Bankruptcy Code.

38.     The Debtors, the Liquidating Trustee (if applicable) and/or the Unsecured Creditors' Representative (if applicable) shall timely pay post-confirmation quarterly fees assessed pursuant to 28 U.S.C. § 1930(a) (6) until such time as this Bankruptcy Court enters a final decree closing these chapter 11 cases, or enters an order either converting these cases to cases under chapter 7 or

-17-

dismissing these cases. After confirmation, within ninety (90) days following the Effective Date, the Debtors or the Liquidating Trustee shall file with this Bankruptcy Court and shall serve on the United States Trustee a report disclosing the progress of plan consummation and distributions. Thereafter, the Liquidating Trustee and/or the Unsecured Creditors' Representative shall file a similar report on the anniversary of the Effective Date until these cases are closed.

39. The Liquidating Trustee, or, in the event East River consummates the Auction Sale, East River, to the extent it receives any Insurance Notices, shall provide copies of all Insurance Notices which are filed and shall serve such Insurance Notices by overnight mail on Robert Millner at 8000 Sears Tower, Chicago, Illinois 60606 and Lexington Insurance Company c/o Lori H. Watson, 200 State Street, Boston, MA 62109.

40. Pursuant to Bankruptcy Rule 3020(c), the Debtors shall, within five (5) business days after the entry of this Order, serve notice of the entry of this Order as provided in Bankruptcy Rule 2002(f) to be sent by first class mail, postage prepaid, except to such parties who may be served by hand or facsimile or overnight courier, which service is hereby authorized.

SIGNED this 30th day of August, 2000.

THE HONORABLE JERRY A. BROWN
UNITED STATES BANKRUPTCY JUDGE

-18-

ORDER SUBMITTED BY:

SHEINFELD, MALEY & KAY, P.C.

Edward L. Ripley
1001 Fannin Street, Suite 3700
Houston, Texas 77002-6797
Telephone: (713) 658-8881
Facsimile: (713) 658-9756

- *and* -

GORDON, ARATA, McCOLLAM,
DUPLANTIS & EAGAN, L.L.P.
Steven W. Copley (#16869)
201 St. Charles Avenue, Suite 4000
New Orleans, Louisiana 70170
Telephone: (504) 582-1111

ATTORNEYS FOR EQUINOX OIL COMPANY
AND ALMA ENERGY CORP., DEBTORS