# EXHIBIT C

FORM B10 (Official Form 10) (4/98)

| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF LOUISIANA (NEW ORLEANS) | | PROOF OF CLAIM |
|---|---|---|
| In re (Name of Debtor)<br>EQUINOX OIL COMPANY, INC. and ALMA ENERGY CORPORATION | Case Number<br>99-12688jab | FILED<br>1999 SEP 22 P 2: 36<br>CLERK<br>UNITED STATES<br>BANKRUPTCY COURT<br>NEW ORLEANS, LA |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property)<br>CAMERON PARISH SCHOOL BOARD | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| Name and address where notices should be sent<br>CAMERON PARISH SCHOOL BOARD<br>POST OFFICE BOX 1548<br>CAMERON, LA 70631<br>Telephone number 318/775-5784 | ☐ Check if you have never received any notices from the bankruptcy court in this case.<br>☐ Check if the address differs from that on the envelope sent by the Court. |

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces
if this claim ☐ amends a previously filed claim, dated:_____

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other (Describe briefly) OIL & GAS LEASE
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries and compensations (Fill out below)
  Your SS #:___-__-____
  Unpaid compensations for services performed
  from _____ to _____
  (date)    (date)

**2. Date debt was incurred:** CONTRACT DATED 2/3/56

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $OBLIGATIONS UNDER ATTACHED CONTRACT
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
[ ] Real Estate    [ ] Motor Vehicle
[ ] Other _____
Value of Collateral: $_____

Amount of arrearage and other charges <u>at time case filed</u> included in secured claim, if any: $_____

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries or commissions (up to $4,300)* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $1,950* of deposits toward purchase, lease or rental of property or services for personal, family or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties of governmental unites - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. §§ 507(a)(___).
* Amounts are subjects to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustments.

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**8. Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| DATE<br>9-9-99 | Sign & print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br>Judith Jones Supt. *Judith Jones* |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both, 18 U.S.C. §§ 152 and 3571

P-857

1956 Oil and Gas Lease granted to Stanolind Oil & Gas and then transferred to General American

March, 1983 General American merged with Philips Petroleum Company

1994 Lease was assigned to Equinox Oil Company, Inc. and Alma Energy Corporation

73509

STATE OF LOUISIANA

PARISH OF __CAMERON__

    WHEREAS, in pursuance of prior application received and acting under the provisions of Section 151-158, Title 30, of the Louisiana Revised Statutes of 1950, and other applicable laws of said State, the __CAMERON PARISH SCHOOL BOARD__ advertised for bids for an oil, gas and mining lease on the hereinafter described property; and

    WHEREAS, following the required advertisements and in response thereto, bids were received at the Office of __Cameron Parish School Board__, on the __3rd__ day of February, 19__56__, at a meeting of the __Cameron Parish School Board__.

    WHEREAS, it appears that the bid of __STANOLIND OIL AND GAS COMPANY__ of the Post Office address of __Bank of Commerce Building, Houston, Texas__, hereinafter referred to as Lessee, is the most advantageous to the __Cameron Parish School Board__

    NOW, THEREFORE, be it known and remembered that the __Cameron Parish School Board__ as lessor, does hereby lease and grant exclusively unto the said Lessee, and Lessee's successors and assigns, for the purpose of exploring by any method for formations or structures and prospecting and drilling for, mining and producing sulphur, potash, oil, gas and any other liquid or gaseous hydrocarbon minerals, storing minerals and fluids, laying pipe lines, dredging canals, building roads, bridges, docks, tanks, power stations, telephone and electric transmission lines and other structures and facilities, including houses for employees necessary or convenient for the purpose of conducting the aforesaid operations, the following described property situated in the Parish of __Cameron__, State of Louisiana, to-wit:

    The North Half (N-1/2) and Southwest Quarter (SW-1/4) of Section 16, Township 15 South, Range 14 West, containing 480 acres, more or less.



    1. Lessee has this day paid to Lessor the sum of __Twenty-one thousand one hundred twenty and no/100__ ---- ($21,120.00) Dollars as the full and adequate consideration for every right granted hereunder and the same is not to be considered as mere rental for a period.

    2. Subject to the other provisions hereof, this lease shall be for a term of __five (5)__ years from the date hereof (hereinafter called "primary term") and as long thereafter as sulphur, potash, oil, gas or any other liquid or gaseous hydrocarbon mineral is produced hereunder in paying quantities or any operation conducted or payment made or condition exists which continues this lease in force, according to its terms.

    3. If actual drilling or mining operations are not commenced hereunder on the leased premises in good faith on or before one year from the date hereof, this lease shall then terminate unless Lessee on or before the expiration of said period shall pay or tender to the Lessor the sum of __Ten thousand five hundred sixty and no/100 ($10,560.00)__ ---- Dollars (hereinafter called "Rental") which shall extend for twelve (12) months the time within which drilling or mining operations may be commenced. Thereafter, annually, in like manner and upon like payments or tenders, all of Lessee's rights hereunder may be maintained without actual drilling or mining operations for successive periods of twelve (12) months each during the primary term. Payment or tender of rental may be made by check or draft of Lessee delivered or mailed on or before the rental paying date.

-2-

4. If on any rental paying date there be neither actual drilling, mining nor reworking operations in progress on the leased premises, nor production therefrom, this lease shall not terminate if Lessee, on or before said date, shall make or resume the payment of rental as herein set forth; provided, if drilling, reworking or mining operations be abandoned at any time within a period of ninety (90) days prior to any rental paying date, or if production ceases within such ninety (90) days, Lessee shall have a period of ninety (90) days after the date of such abandonment of operations or cessation of production within which to commence reworking or mining operations or actual drilling of another well on the leased premises, or within which to make said rental payment, and the commencement of such operations or the payment of such rental within said ninety (90) days' period shall have the same effect as though commenced or paid on or before said rental paying date. Wherever used in this lease, "reworking operations" shall be defined as reconditioning, deepening, plugging back, cleaning out or otherwise attempting in good faith to increase or restore production.

If at the expiration of the primary term sulphur, potash, oil, gas or any other liquid or gaseous hydrocarbon mineral is not being produced hereunder but on or before that date (or on or before the end of ninety (90) days following cessation of production or abandonment of a well, if a well be abandoned or production should cease within ninety (90) days prior to the expiration of the primary term), Lessee commences actual drilling, mining or reworking operations on the leased premises in search of such products, then this lease shall continue in force so long as such operations are being conducted in good faith without lapse of more than ninety (90) days between cessation of operations and their recommencement, whether on the same well or mine or on different wells or mines successively. If, after the expiration of the primary term, production hereunder should for any reason cease or terminate, Lessee shall have the right at any time within ninety (90) days from cessation of such production to resume actual drilling, mining or reworking operations in an effort to make the leased premises again produce any of such products, in which event this lease shall remain in force so long as such operations are continued as above provided. If as a result of any such operations, sulphur, potash, oil, gas or any other liquid or gaseous hydrocarbon mineral be found and produced, or the production of any of the same be restored, this lease shall continue in force so long as any of them is produced hereunder in paying quantities.

5. Lessee further agrees that should a well capable of producing oil or gas or other liquid hydrocarbon mineral in paying quantities be brought in within six hundred sixty (660) feet (or within any spacing or pooling unit distance as established by the Department of Conservation) of, and draining, the leased premises, Lessee will begin the drilling of a well on said leased premises within ninety (90) days of the date on which said well so qualifies as a well capable of producing oil or gas or other liquid or gaseous hydrocarbon mineral in paying quantities, and in addition to the specific offset drilling obligation above provided, will drill any and all wells necessary on the premises to prevent drainage of oil, gas or other liquid or gaseous hydrocarbon mineral by a well or wells on adjacent property not owned by Lessor.

6. Lessee shall deliver to Lessor as royalty, free of cost of production: __One-sixth (1/6)__ of all oil, including distillate and other liquid hydrocarbons, produced and saved at the well by ordinary production methods, delivery to be understood as made when same has been received by the first purchaser thereof. Or Lessee may, in lieu of said delivery and at Lessee's option, pay to Lessor sums equal to the value thereof on the premises. The price paid Lessor shall not be less than the average posted pipe line price in the same field or loading terminal price in the same field then current for oil, including distillate or other liquid hydrocarbons, of like grade or quality.

__One-sixth (1/6)__ of all gas produced and saved or utilized, delivery of said gas to be understood as made when same has been received by the first purchaser thereof. Or Lessee may, in lieu of said gas delivery, and at Lessee's option, pay to Lessor sums equal to the value thereof at the well; provided that the price paid Lessor for said gas shall not be less than the average price then current for gas of like character or quality delivered to the pipe line purchaser in that field. If there is on the leased premises a well or wells capable of producing gas and gas is not being used or marketed therefrom and this lease is not then being maintained by other production or operations, this lease shall, nevertheless, remain in full force and effect for a period of ninety (90) days after cessation of production or operations or the shutting in of said well and on or before the expiration of said ninety (90) day period, Lessee may pay or tender a sum equal to One Dollar ($1.00) per acre for the number of acres then covered by this lease, but such sum shall not be less than Two Hundred Dollars ($200.00), which payment shall maintain this lease in full force and effect for a period of six (6) months from the expiration of said ninety (90) day period, and it will be considered that

-3-

gas is being produced hereunder, and such payments or tenders shall have the same effect as the production of gas, for all purposes hereof, especially under the provisions of Articles 2, 4 and 7 hereof. Thereafter, semi-annually in like manner, upon like payments or tenders, this lease may be maintained in force and effect for successive periods of six (6) months each so long as such payments are made, but not, however, exceeding six (6) successive periods. It is understood that the above provision or shut-in clause shall apply to any well where the gas/oil ratio is such that the Commissioner of Conservation will not permit the operation of such well without the use or sale of the gas.

saved.   __Two Dollars ($2.00)__   per long ton for all sulphur produced and

__Ten Cents only ($.10)__   per ton for all potash produced and saved.

__One-sixth (1/6)__   for any and all other liquid or gaseous hydrocarbon minerals not specifically mentioned herein, said royalties to be delivered or paid as is the accepted custom in such matters.

   7. Lessee may surrender all or any portion or portions of the leased premises at any time this lease is in effect and thereby be relieved of all obligations thereafter accruing under this lease as to the portions surrendered; provided that no partial release or surrender shall reduce, or otherwise affect, the amount of rentals provided for in Article 3 of this lease.

   In the event of cancellation or forfeiture of this lease for any cause, Lessee may, nevertheless, retain hereunder 40 acres around each well producing oil and 160 acres around each well producing gas (including wells drilled under this lease by directional drilling), and in the case of any well being worked on or being drilled Lessee shall have the right to complete such operations or reworking or drilling, and in the event any such well results in a producer of oil, Lessee may retain 40 acres around such well and if any such well results in a producer of gas, Lessee may retain 160 acres around such well, such acreage to be reserved in as near a square tract as practicable with the well or wells to be as near the center of said acreage so selected as practicable; provided that if a drilling or proration unit has been assigned to any such well by the Commissioner of Conservation, Lessee may retain the acreage fixed for such drilling or proration unit.

   8. It is further agreed and understood that the rights of Lessee may be assigned or transferred in whole or in part but no transfer, whether in whole or in part, of the herein leased property shall be valid unless such transfer or assignment be approved by the lessor.

   9. Lessee may, with the consent and approval of the lessor, pool or combine the acreage covered by this lease, or any portion thereof, with any other property, lease or leases, or portions thereof.

   10. Lessee shall have the right during or within one year after the life of this lease to remove all Lessee's property and equipment, including the right to draw and remove all casing.

   THUS DONE, READ, ACCEPTED AND SIGNED by the parties hereto in the presence of the respective undersigned witnesses, as of the __3rd__ day of __February__, A. D., 19__56__, which shall be the date of this lease for all purposes.

WITNESSES to the
Signature of Lessor:

_Dick Semmlin_

_Mrs. Betty L. Smith_

CAMERON PARISH SCHOOL BOARD

By: _Hennis Bonsall_
                                                    Lessor

WITNESSES to the
Signature of Lessee:

_Dick Semmlin_

_Ralph H. Fender_

STANOLIND OIL AND GAS COMPANY

BY: _[signature]_
         DISTRICT LANDMAN              Lessee

WITNESSES to the signature of:
State Mineral Board

_[signature]_

APPROVED
STATE MINERAL BOARD
BY: _[signature]_

-4-

ACKNOWLEDGMENT FOR LESSOR

STATE OF LOUISIANA

PARISH OF __Cameron__

Before me, the undersigned authority, personally came and appeared __Dick Sandlin__, who by me being first duly sworn, deposed and said;

That he is one of the witnesses to the execution of the foregoing instrument and that he saw __Dennis Bonsall__ sign said instrument as __President of the Cameron Parish School Board__ in the presence of appearer and __Mrs. Betty L. Smith__, the other subscribing witness.

_/s/ Dick Sandlin_

Sworn to and subscribed before me on this the __3rd__ day of __February__, 19__56__.

_/s/ Burton Daigle_
Notary Public

ACKNOWLEDGMENT FOR CORPORATE LESSEE

STATE OF __LOUISIANA__

PARISH OF __CALCASIEU__

Before me, the undersigned authority, personally came and appeared __Dick Sandlin__, who by me being first duly sworn, deposed and said;

That he is one of the witnesses to the execution of the foregoing instrument and that he saw __B. H. Landry__ execute said instrument as __District Landman__ of __Stanolind Oil and Gas Company__ as the free act and deed of said corporation in the presence of appearer and __Ralph H. Fender__, the other subscribing witness.

_/s/ Dick Sandlin_

Sworn to and subscribed before me on this the __6th__ day of __February__, 19__56__.

_/s/ Amy S. Boyd_
Notary Public in and for
Calcasieu Parish, Louisiana

ACKNOWLEDGMENT FOR INDIVIDUAL LESSEE

STATE OF _____

_____ OF _____

Before me, the undersigned authority, personally came and appeared _____, who by me being first duly sworn, deposed and said;

That he is one of the witnesses to the execution of the foregoing instrument and that he saw _____ execute said instrument as his own free act and deed in the presence of appearer and of _____, the other subscribing witness.

_____

Sworn to and subscribed before me on this the _____ day of _____, 19___.

_____
Notary Public

On motion of Mr. Joseph Demarets, seconded by Mr. Rodolph Theriot, the following resolution was adopted unanimously by the Board:

### RESOLUTION

BE IT RESOLVED that the Cameron Parish School Board considers the bid of Stanolind Oil and Gas Corporation, covering the following described property, to-wit:

> The North Half (N-1/2) and Southwest Quarter (SW-1/4) of Section 16, Township 15 South, Range 14 West, containing 480 acres, more or less,

as the most advantageous to this Board, and, accordingly, Dennis Bonsall, the President of this Board, be and he is hereby authorized to execute an oil, gas and mineral lease, in favor of Stanolind Oil and Gas Corporation, and to execute on behalf of this Board all instruments necessary or advisable for carrying out the general purposes of this Resolution.

* * * * * * * * * * * * * * * * * *

I hereby certify that the above is a true and correct copy of a Resolution unanimously adopted, at a meeting of the Cameron Parish School Board at their office at Cameron, Louisiana, on the third day of February, 1956, pursuant to due notice, at which meeting a quorum was present, and that said resolution is duly entered in the minutes of said Board; and it is now in full force and effect.

U. E. Hackett, Secretary
Cameron Parish School Board

RESOLUTION

Upon motion of Mr. Clanton, seconded by Mr. Burk, the Board voted to approve a certain oil, gas and mineral lease from the Cameron Parish School Board to Stanolind Oil and Gas Company, involving the North One-Half (N 1/2) and Southwest Quarter (SW/4) of Section 16, Township 15 South, Range 14 West, containing 480 acres, more or less, Cameron Parish, Louisiana, more fully described in the instrument, same having been approved as to form and legality by the Attorney General's Office.

This Resolution is adopted with the understanding that the approval of the mineral lease aforesaid has been made on the sole basis of the requirements of statute, express or implied, governing the action of this Board in considering State Agency Leases, and that the source and nature of the Lessor's title has not been inquired into or considered in connection with the action taken by this Board in approving the lease.

CERTIFICATE

I hereby certify that the above is a true and correct copy of a Resolution adopted at a meeting of the State Mineral Board held in the State Capitol, in the City of Baton Rouge, Louisiana, on the 16th day of February, 1956, pursuant to due notice, at which meeting a quorum was present, and that said Resolution is duly entered in the Minute Book of said Board and is now in full force and effect.

_____
Secretary, State Mineral Board

**WHERE TO FILE.** The Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Eastern District of Louisiana, 501 Magazine Street, New Orleans, Louisiana 70130.

**WHAT TO FILE:** An official proof of claim form, Form 10 (enclosed).

**WHEN TO FILE: Creditor's claims must be actually received by the Clerk of the Bankruptcy Court prior to 5:00 p.m. C.S.T. on December 15, 1999.** Post marking the claim prior to this date and time is not sufficient. You are well advised to submit to the Clerk a duplicate claim, asking the Clerk to stamp the duplicate and return it to you in a self addressed and proper postage pre-paid envelope that you have provided.

                                                   GORDON, ARATA, McCOLLAM,
                                                   DUPLANTIS & EAGAN, L.L.P.
                                                   Steven W. Copley (LSBA No. 16869)
                                                   Jason A.T. Jumonville (LSBA No. 18276)
                                                   201 St. Charles Avenue, Suite 4000
                                                   New Orleans, Louisiana 70170
                                                   Telephone: (504) 582-1111

                                                   - and-

                                                 SHEINFELD, MALEY & KAY, P.C.
                                                 Edward L. Ripley (Texas Bar No. 16935950)
                                                 Mark W. Wege (Texas Bar No. 27074225)
                                                 Jenny J. Hyun (Texas Bar No. 00787742)
                                                 1001 Fannin Street, Suite 3700
                                                 Houston, Texas 77002-6797
                                                 Telephone: (713) 658-8881

                                                 ATTORNEYS FOR THE DEBTORS,
                                                 EQUINOX OIL COMPANY, INC.
                                                 AND ALMA ENERGY CORP.

GLENDA ABSHIRE, PRESIDENT        JUDITH JONES, SUPERINTENDENT        PAT HOWERTON, VICE-PRESIDENT

# CAMERON PARISH SCHOOL BOARD
P. O. Box 1548
**CAMERON, LA 70631**
PHONE 318-775-5784
FAX 318-775-5097

DISTRICT 1. CLIFTON MORRIS
DISTRICT 2. GLENDA ABSHIRE
DISTRICT 3. PAT HOWERTON

DISTRICT 4. BILL MORRIS
DISTRICT 5. TONY JOHNSON
DISTRICT 6. MARVIN TRAHAN

September 20, 1999

The Clerk of the Bankruptcy Court
United States Bankruptcy Court for the
   Eastern District of Louisiana
501 Magazine Street
New Orleans, LA 70130

RE:   Case #99-12688Jab
      Equinox Oil Company and Alma Energy Corporation

To Whom It May Concern:

Enclosed please find a proof of claim and a duplicate claim from the Cameron Parish School Board for the above referenced case.

Please stamp the duplicate and return to the Cameron Parish School Board in the self addressed stamped envelope.

Sincerely,

Uland Guidry
Land Manger

sm

*"An Equal Opportunity Employer"*