UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NOBLE ENERGY, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-2619** |
| **CAMERON PARISH SCHOOL BOARD** | **SECTION "N" (3)** |

## ORDER

On July 10, 2013, ConocoPhillips Company's Motion to Intervene [Doc. #8] came on for oral hearing before the undersigned. Present were Howard Shapiro, Ehud Barak, Martin Bienenstock and Philip Abelson on behalf of plaintiff and Gary Russo, Omar Alaniz and Patrick Vance on behalf of movant ConocoPhillips Company ("movant" or "ConocoPhillips"). After the oral hearing, the Court took the motion under advisement and allowed the parties to file further pleadings. The parties have done so. Having reviewed the motion, the opposition and the case law, the Court rules as follows.

### I.    Background

The complaint alleges as follows. In 1964, the parties then operating the Cameron Parish properties known as the Johnson Bayou Field signed an Operating Parties Agreement, which unitized the properties for oil and gas operations. ConocoPhillips's predecessor, Phillips Petroleum Company ("Phillips"), had been an operator in the field since 1948. In 1994, Phillips assigned its

rights in the Johnson Bayou Field to Noble's predecessor, Alma Energy Corporation ("Alma"), and Texas Petroleum Investment Company ("TPIC") by way of an Exchange Agreement and Assignment. Under the Exchange Agreement, Phillips exchanged its interest in the Johnson Bayou Field for various other oil and gas interests, including Alma's interest in oil and gas properties in Lake Washington, Louisiana.  Alma reserved the right to receive a percentage of the production from the Lake Washington properties, and Phillips – later ConocoPhillips – began making those payments to Alma.

The Exchange Agreement also provided that Alma and TPIC had inspected the Johnson Bayou Field properties, accepted it "as is," and agreed to release, defend, and indemnify ConocoPhillips for all claims arising out of the "presence, disposal, release, or threatened release of all waste material or hazardous substance" on the properties and for all clean-up, including those involving any alleged contamination of the soil or surface or groundwater arising from the release of any material on the properties.  The Assignment had similar indemnity provisions.

In 2000, Alma filed for bankruptcy. *See In re Equinox Oil Co. & Alma Energy Corp.*, Case No. 99-12688 (Bankr. E.D. La. 2000).  Thereafter, Noble's predecessor, East River Energy L.L.C. ("East River"), purchased substantially all of Alma's assets pursuant to an Asset Purchase Agreement ("APA"). Under the APA, East River, which soon changed its name to Elysium Energy ("Elysium"), purchased all of Alma's "rights and interests in and to all contracts, agreements . . . in any way associated with the Assets." Among those assets that Elysium purchased was the Exchange Agreement, with its associated interest in the Johnson Bayou Field and its rights to the production payments from the Lake Washington properties. Elysium immediately began to operate the Johnson Bayou Field and to accept production payments from ConocoPhillips for the Lake Washington

properties pursuant to the Exchange Agreement. In June 2001, Elysium sold the right to receive the production payments to Swift Energy Corporation ("Swift"), whereupon ConocoPhillips began making those payments to Swift, and on December 15, 2004, Elysium merged with Noble, transferring "all the obligations, duties, debts and liabilities" of Elysium and its parent, Patina, to Noble.

On May 13, 2010, the Cameron Parish School Board ("CPSB") and the State of Louisiana sued various parties, including ConocoPhillips, in Louisiana state court for alleged environmental contamination related to operations on the Johnson Bayou Field. On August 31, 2012, the State of Louisiana approved a settlement between ConocoPhillips and CPSB in the underlying Louisiana suit. The state court also approved the settlement, and on September 27, 2012, ConocoPhillips funded the settlement amount.

On May 11, 2012, because Noble had consistently refused to meet its obligations under the Exchange Agreement and assist ConocoPhillips in defense and settlement negotiations, ConocoPhillips added Noble as a defendant in Case No. 2011-46437, *ConocoPhillips Co. v. Texas Petroleum Investment Co.*, in the 113th Judicial District Court of Harris County, Texas. In that case, ConocoPhillips seeks to enforce the indemnity obligations of the Exchange Agreement against both Noble and TPIC. Noble answered on July 9, 2012 and participated in some discovery before changing course and asserting that Alma's bankruptcy had absolved Noble of all liability related to the Exchange Agreement. That issue is currently under consideration before the 113th District Court, which is evaluating ConocoPhillips's motion to reconsider a December 31, 2013 order granting interlocutory summary judgment for Noble.

## II.     The Parties' Contentions

### A.     ConocoPhillips' Motion to Intervene

Movant contends that it is entitled to intervene under either Rule 24(a) or (b).  Under Rule 24(a), movant contends that its motion is timely because suit was filed on May 3, 2013, and it filed its motion on June 10, 2013.  Movant also argues that it has a direct, substantial and legally protectable interest in this lawsuit because Noble presses an argument here that implicates Noble's liability in the Texas state-court lawsuit and Noble's contractual obligation to movant in the Texas litigation.  Noble's argument challenges movant's right, under the Exchange Agreement and the Assignment, to indemnification for alleged environmental contamination to the Johnson Bayou Field.  Movant notes that its ability to protect its interests may be impaired by an unfavorable ruling in this case that Alma's bankruptcy discharged Noble's obligations under the Exchange Agreement in the Texas suit.  And lastly, movant notes that neither Noble or CPSB will adequately protect its interests in this suit.

Alternatively, movant argues that it is entitled to permissively intervene under Rule 24(b)(1)(B).  Movant contends that its motion is timely and its claim for indemnification under the Exchange Agreement shares with this lawsuit common questions of law and fact, namely, whether Alma's bankruptcy freed Noble from its obligations under the Exchange Agreement.

### B.     Noble's Opposition

Noble first argues that movant has no direct and substantial interest in this lawsuit because even movant contends that its interest in this case is not an admission of any kind that a judgment in favor of Noble here is or should be binding on the parties to the Texas litigation. Noble maintains that the discharge and release of CPSB's pre-Alma-bankruptcy claims in this lawsuit is different from whether the Exchange Agreement was assumed and assigned.  Noble contends that Conoco

attempts to merge and blur the distinction between the question of dischargeability in bankruptcy and the question of whether the Exchange Agreement was assumed and assigned. Noble argues that Conoco's indemnity claims are not a direct, substantial and legally protectable interest related to the transaction here – bankruptcy discharge. Noble asserts that Conoco's only interest here is its recovery from Noble for the amount it has paid to CPSB. Citing case law, Noble maintains that a purely economic interest is insufficient to justify intervention.

Noble notes that the Texas court already rejected Conoco's argument when it granted summary judgment in favor of Noble. Noble argues that intervention is inappropriate when the movant can protect its interest by filing a separate lawsuit.

Noble also argues that CPSB can adequately protect Conoco's interest here. They are both in the same position – they both seek to prove Noble's liability. Noble notes that Conoco admits that CPSB and it seek the same outcome with respect to Noble's bankruptcy-discharge argument. Citing case law, Noble maintains that if Conoco seeks relief separate from that which CPSB seeks, it must independently establish standing, which it has not done.

Noting again that Conoco failed to attach its pleading to its motion, Noble argues that Conoco can not establish permissive intervention because there is no way to know whether there is a common issue of law or fact. Noble maintains that this lawsuit has nothing to do with Conoco's indemnification under the Exchange Agreement and the Assignment and whether Noble's subsidiary predecessor assumed or rejected these agreements. Noble further maintains that courts reject intervention when it will unnecessarily complicate these agreements. Noble argues that Conoco simply seeks review of the Texas lawsuit in this Court.

Lastly, Noble contends that the motion to intervene fails to satisfy Rule 24 because there is

no pleading attached and thus no claim for intervention.

### C. ConocoPhillips' Reply

With regard to permissive intervention, movant notes that the glue that binds both cases is Noble's argument that it assumed only a narrow category of liabilities when it purchased Alma's assets in bankruptcy, that Alma's bankruptcy discharged it and that it purchased Alma's assets free and clear of claims related to environmental damage. Movant lists 16 instances in which Noble's federal complaint is identical to its motion for summary judgment in Texas state court.

With regard to intervention as of right, movant contends that the alleged bankruptcy discharge is the central focus of Noble's motion for summary judgment in state court. Thus, movant argues that it has a substantial, protectable interest in this lawsuit. A ruling by this Court that the bankruptcy discharged Noble would impair movant's interests.

Movant also notes that CPSB has moved to refer this lawsuit to the Bankruptcy Court. Should the Bankruptcy Court rule in favor of Noble, movant contends that Noble will take the order to state court and ask the state court to agree with the Bankruptcy Court. Movant notes that this will also impair its interests. Movant also notes that the temporary and new, permanent judges assigned to the Texas state-court lawsuit have ruled in favor of it, allowing it to conduct more discovery to supplement its motion for reconsideration.

Lastly. movant argues that it and CPSB are not aligned as the CPSB has no incentive to vigorously litigate Noble's bankruptcy discharge-related argument given that it has already received $63 million from movant.

Movant further notes that Noble has failed to explain how intervention will prejudice it. Movant moved to intervene before CPSB even answered the complaint, and before any discovery

or scheduling of trial occurred. Movant notes that it has attached as pleadings its answer and a joinder in support of CPSB's motion to transfer this lawsuit to the Bankruptcy Court. Citing case law, movant notes that the Fifth Circuit has held that failure to comply with Rule 24(c) is not a ground on which to deny intervention.[1]

### III. Law and Analysis

#### A. Intervention as of Right

Pursuant to Rule 24(a)(2), a movant may intervene as of right when: (1) the motion to intervene is timely; (2) the movant has an interest related to the transaction that forms the basis of the controversy in the case; (3) the disposition of the case has the potential to impair or impede the movant's ability to protect its interest; and (4) the existing parties do not adequately represent the movant's interest. *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004) (citing *Doe v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001)). In the absence of any of these elements, intervention as of right must be denied. *United States v. Franklin Parish Sch. Bd.*, 47 F.3d 755, 758 (5th Cir. 1995). The Circuit has held that an "interest" for Rule 24(a)(2) purposes must be "direct, substantial, [and] legally protectable . . . [,] one which the substantive law recognizes as belonging to or being owned by the applicant." *Saldano*, 363 F.3d at 551 (internal citations omitted).

Here, the Court finds that the disposition of the case does not have the potential to impair or impede ConocoPhillips' ability to protect its interest, and ConocoPhillips has admitted as much. As Noble correctly notes, ConocoPhillips states that its "asserted interest in this case is not an admission of any kind that a judgment in favor of Noble here is or should be binding upon the parties to the Texas litigation." [Doc. #8-1 at p. 3]. Such a statement is true. ConocoPhillips is not a party to this

---

[1] The Court has subsumed the relevant arguments in the sur-replies in these arguments.

lawsuit. Thus, any ruling here is not binding on it and will have no *res judicata* effect. Intervention as of right is therefore barred here.

## B. Permissive Intervention

Determining whether to grant permissive intervention is a two step process. *See Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977); *see also Mac Sales Inc., et al. v. E.I. Dupont de Nemours*, Civ. A. No. 85-4571, 1995 WL 581790, *4 (E.D. La. Sept. 29, 1995). First, as a matter of law, the Court must determine whether the applicants' "claim or defense and the main action have a question of law or fact in common." *See id.* (quoting Fed. R. Civ. P. 24(b)). Next, the Court must exercise its discretion as to whether to allow intervention. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir. 1984) (quoting 7C Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1913, at 376-77 (2d ed. 1986)) ("Permissive intervention is wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied."). Courts are directed to consider such factors as whether the intervenors' interests are adequately represented by other parties, whether they will significantly contribute to full development of the underlying factual issues of the suit, the nature and extent of the intervenors' interests, the standing of the intervenors to raise relevant legal issues, and whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. *See United Gas Pipe Line Co.*, 732 F.2d at 472; *see also Mac Sales Inc.*, 1995 WL 581790, at *4.

"It is well-established . . . that a party must have independent jurisdictional grounds to intervene permissively under Rule 24(b)." *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 675 (5th Cir. 1985) (citations and quotation marks omitted). Generally, jurisdiction is easily found when parties

8

seek to permissively intervene in a federal-question case; however, this is one of the "very few cases in which one who has sought to intervene as a plaintiff in a federal-question case [is] asserting a claim not raising a federal question." 7C Charles A. Wright et al., Federal Practice and Procedure § 1917 (3d ed. 2007).

In its proposed answer to Noble's complaint, ConocoPhillips provides no independent jurisdictional grounds under which it would be allowed to intervene. ConocoPhillips raises no federal question: Indeed, its claims – if indeed they exist[2] – would be based on state law. Neither is there diversity jurisdiction under 28 U.S.C. § 1332, or at least there is no allegation that such jurisdiction exists.

Moreover, the Court finds that ConocoPhillips' argument that Noble's motion for summary judgment in the Texas state-court action and its allegations here are extremely similar, *i.e.*, Noble's arguments here are exactly the same in all three lawsuits, misses the mark. Rule 24(b)(1)(B) is clear: The common claim or defense must be that of the proposed intervenor. Fed. R. Civ. P. 24(b)(1)(B). In its proposed answer, ConocoPhillips has alleged no claim or defense that is common with the underlying lawsuit. It has only answered Noble's complaint and asserted no specific affirmative defense or claim. ConocoPhillips has moreover conceded that the Exchange Agreement – the basis of its claims against Noble – is not implicated in this lawsuit. [Doc. #36 at p. 4]. Accordingly, ConocoPhillips may not permissively intervene.

**IV.   Conclusion**

Accordingly,

**IT IS ORDERED** that ConocoPhillips Company's Motion to Intervene [Doc. #8] is

---

[2]   There are none asserted in its proposed answer to Noble's complaint.

DENIED.

New Orleans, Louisiana, this 5th day of August, 2013.

                                          **DANIEL E. KNOWLES, III**
                                          **UNITED STATES MAGISTRATE JUDGE**